Filed 6/27/22 P. v. Dannebaum CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE ,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DUSTIN M. DANNEBAUM,<br><br>Defendant and Appellant. | F082773<br><br>(Super. Ct. No. 20CMS2639)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kings County.  Michael J. Reinhart, Judge.

Richard Jay Moller,  under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Cameron M. Goodman, Deputy Attorneys General,  for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill,  P. J., Franson,  J. and Peña, J.

Appointed counsel for defendant Dustin M. Dannebaum asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. After requesting supplemental briefing on the applicability and effect of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) to this case, we conclude the failure to submit aggravating circumstances to the jury was either no error or harmless error, and remand for resentencing is unnecessary. We affirm.

## BACKGROUND

On March 26, 2020, two officers were escorting defendant between sites at Corcoran State Prison. Defendant was handcuffed behind his back and was being led by the two officers. Almost immediately, defendant slipped out of one officer's grip, then lowered his shoulder and forcefully struck the shoulder and chest of the other officer, slamming him against a wall repeatedly. The two officers eventually managed to force defendant face down to the ground. One of the officers suffered an injury to his hand that required two surgeries. The other officer's back was hurt in the struggle. Both officers required extensive time off work because of their injuries.

On September 28, 2020, the Kings County District Attorney filed an information charging defendant with battery by a prisoner upon a nonconfined person (Pen. Code, § 4501.5;[1] count 1) and resisting arrest (§ 69; count 2). As to both counts, the information further alleged defendant inflicted great bodily injury in the commission of the crime (§ 12022.7, subd. (a)) and had suffered three prior "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

Defendant declined a plea offer of three years eight months and waived his right to a jury trial. A court trial ensued.

---

[1] All statutory references are to the Penal Code.

At the close of the prosecution's case, the prosecutor introduced a section 969b packet of certified documents, which included abstracts of judgment reflecting convictions for grand theft on July 31, 2006, second degree robbery on July 7, 2008, attempted robbery on April 24, 2012, robbery on August 14, 2012, and evading an officer with reckless driving on January 8, 2018. The two robberies and one attempted robbery were offered to prove the three alleged prior strike convictions. The court found the three convictions true "beyond a reasonable doubt." The court found defendant guilty of all counts and found the great bodily injury allegation true.

At the sentencing hearing on March 18, 2021, the trial court struck two of defendant's prior strike convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The court sentenced defendant to a total of 11 years in prison, as follows: on count 1, the upper term of four years, doubled to eight years pursuant to the Three Strikes law, plus a three-year consecutive great bodily injury enhancement, all to be served consecutively to the term in case No. SCS255708; on count 2, the upper term of three years, doubled to six years pursuant to the Three Strikes law, plus a three-year consecutive great bodily injury enhancement, both stayed pursuant to section 654. The court imposed various fines and fees.

On May 11, 2021, defendant filed a notice of appeal.

## **DISCUSSION**

We requested supplemental briefing on the application of Senate Bill 567 and section 1170, subdivision (b) to this case. The parties agree, as do we, that Senate Bill 567 applies retroactively to this case (see *In re Estrada* (1965) 63 Cal.2d 740), but the parties disagree as to whether remand for resentencing is required.

When rendering its verdicts, the trial court stated the following:

> "All right, as to the charges set forth in the Information the evidence produced by the People remains uncontroverted. The Court will find beyond a reasonable doubt that the defendant is guilty as charged in Count 1 of the violation of … Section 4501.5, and as charged in Count 2

3.

for a violation of … Section 69 both as felonies. And find the special allegations both as to the personal infliction of great bodily injury pursuant to … Section 12022.7(a) true as to each count. *As well as finding that the People sustained the burden of beyond a reasonable doubt establishing the three separate convictions as set forth in the Information under [section] 1170.12*, specifically the abstracts of judgment indicate that on or about August 14th, 2012 the defendant was convicted of a violation of … Section 211, robbery out of San Diego County Superior Court, case number SCS255708 of attempted robbery out of San Diego County Superior Court case number SCE313058, and of second degree robbery out of San Diego Superior Court case number SDE214513. The [section] 969(b) packet contains the abstracts of judgment, which is the single best documentation of a conviction. They bear the defendant's correct name, the [section] 969(b) packet also contains a picture of the defendant.

"Now, [defense counsel], as to your legal argument regarding the weight that you should give the [section] 969(b) packet, I believe that in some circumstances it would be—the abstract may be insufficient, but under the factual circumstances given or presented to the Court here all robberies are strikes, so there is no really ambiguity that needs to be cleared up, and there is no evidence of any error that would raise any doubt as to the accuracy of th[is section] 969(b) packet." (Italics added.)

At sentencing, the trial court reviewed the probation report, then stated the following:

"Now tentatively I agree with the People's analysis in this case as to the selection of the appropriate term as it remains. This is a two, three, four triad. Tentatively the Court would select the upper term of four years. This is based upon the defendant's *significant criminal history and his numerous prior prison commitments*." (Italics added.)

At the time defendant was sentenced, former subdivision (b) of section 1170 largely left it to a sentencing court's "sound discretion" to select the appropriate term within a sentencing triad that "best serves the interests of justice." (Former § 1170, subd. (b).) While defendant's appeal was pending, the Legislature enacted Senate Bill 567, which amended section 1170, subdivision (b), making the middle term the presumptive term and limiting the situations in which an upper term can be imposed. (Stats. 2021, ch. 731, § 1.3.) Effective January 1, 2022, a court must "order imposition of

a sentence not to exceed the middle term," except under narrow circumstances. (§ 1170, subd. (b)(1).) An upper term may be imposed only when there are circumstances in aggravation that justify imposition of the upper term, "and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

Here, the judge in a court trial did make true findings—beyond a reasonable doubt—as to the three prior strike convictions, based on certified abstracts of judgment. We believe those three convictions were sufficient to satisfy the aggravating circumstances of multiple prior convictions and prison terms. (§ 1170, subd. (b)(2) [permitting a judge to find the aggravating circumstances true beyond a reasonable doubt in a court trial]; see *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098 [three prior convictions are numerous].) But if they were not (many more were listed in the section 969b packet and probation report), any error in not making the finding, beyond a reasonable doubt, that defendant had "a significant criminal history and … numerous prior prison commitments" was harmless. (§ 1170, subd. (b)(3).)

The standard for harmlessness in this context is not settled. In *People v. Flores* (2022) 75 Cal.App.5th 495 (*Flores*), the court extended the harmless error standard from *People v. Sandoval* (2007) 41 Cal.4th 825, 838–839 (*Sandoval*),[2] applied in the Sixth Amendment context, to articulate the following standard for harmless error in the section 1170, subdivision (b) context: " 'if a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard,

---

[2] *Sandoval*, as we explain in more detail below, considered the standard for harmless error in the context of *Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*) error—where a sentence in excess of the statutory maximum sentence was imposed under California's former determinate sentencing law without submitting the facts authorizing such a sentence to a jury.

unquestionably would have found true *at least a single aggravating circumstance* had it been submitted to the jury,' the error is harmless." (*Flores*, at p. 500, italics added.) On the other hand, the court in *People v. Lopez* (2022) 78 Cal.App.5th 459 (*Lopez*), applied the following two-part standard for harmlessness: First, "[i]n order to conclude that the trial court's reliance on improper factors that were not found true by a jury[,] … admitted by [the defendant, or based on certified records of conviction] was not prejudicial, [the reviewing court] would have to conclude beyond a reasonable doubt that a jury would have found true beyond a reasonable doubt *every factor on which the court relied*, because the amended statute requires that every factor on which a court intends to rely in imposing an upper term, with the exception of factors related to a defendant's prior conviction(s), have been admitted by the defendant or proven to a jury (see § 1170, subd. (b))." (*Lopez*, at pp. 465–466.) According to *Lopez*, if that conclusion is made, the defendant has suffered no prejudice. (*Id*. at p. 467 & fn. 11.) If not, the reviewing court "then consider[s] the second question, which is whether [it] can be certain, to the degree required by *People v. Watson* (1956) 46 Cal.2d 818, 836 [(*Watson*)], that the trial court would nevertheless have exercised its discretion to select the upper term if it had recognized that it could permissibly rely on only a single one of the aggravating factors, a few of the aggravating factors, or none of the aggravating factors, rather than all of the factors on which it previously relied. If the answer to both of these questions is 'no,' then it is clear that remand to the trial court for resentencing is necessary." (*Lopez*, at p. 467, fn. 11.)

We do not believe that either standard is completely correct. To explain our disagreement with *Flores*, we consider the origin of the harmless error standard it applied. In *Cunningham*, the Supreme Court held that California's determinate sentencing law (as it existed from 1977 to 2007) violated the Sixth Amendment right to a jury trial because it permitted a trial judge to determine facts (other than a prior conviction) that would allow imposition of a sentence in excess of the statutory

6.

maximum.**3** (*Cunningham*, *supra*, 549 U.S. at pp. 275–276.) As *Cunningham* explained, the Supreme Court had long held that any fact that permitted imposition of a sentence beyond the statutory maximum had to be proved to a jury beyond a reasonable doubt. (*Id.* at p. 281.) Under the California determinate sentencing law, a statutory presumption existed that " '[t]he middle term [would] be selected unless imposition of the upper or lower term [was] justified by circumstances in aggravation or mitigation.' " (*Id.* at p. 278.) Under the then-existing statutory scheme, those circumstances in aggravation or mitigation—and the underlying facts related to those circumstances—were to be determined by the trial court, not the jury. (*Ibid.*) The Supreme Court therefore determined that the imposition of an upper term without having the facts underlying the aggravating circumstances proved to a jury beyond a reasonable doubt violated the Sixth Amendment. (*Id.* at p. 293.)

In *Sandoval*, our Supreme Court considered whether an upper-term sentence imposed pursuant to the pre-*Cunningham* determinate sentencing law—i.e., imposed based on judicial findings of fact on circumstances in aggravation—was harmless error under the Sixth Amendment. (*Sandoval*, *supra*, 41 Cal.4th at p. 837.) It explained that the trial court had relied upon multiple aggravating circumstances, none of which had been proved to a jury, admitted by the defendant, or based on the fact of a prior conviction. (*Id.* at pp. 837–838.) The upper-term sentence therefore violated the defendant's Sixth Amendment rights under *Cunningham*. The *Sandoval* court then considered whether the violation was harmless. To that end, it articulated the following standard: "if a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury, the

---

**3** In the Sixth Amendment context, the statutory maximum " 'is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.' " (*Cunningham*, 549 U.S. at p. 275.)

7.

Sixth Amendment error properly may be found harmless." (*Sandoval*, at p. 839.) In the Sixth Amendment context, the issue was whether the " 'defendant [was] *eligible* for the upper term' "; the trial court's consideration of additional circumstances not proved to a jury was not a federal constitutional question. (*Sandoval*, at p. 839.)

As noted, in *Flores*, the Court of Appeal for the First District, Division Three extended the standard for harmless error applied in the Sixth Amendment context in *Sandoval* to section 1170, subdivision (b)(2) error.[4] (*Flores*, *supra*, 75 Cal.App.5th at pp. 500–501.)

We agree with the *Lopez* court that a reviewing court finding beyond a reasonable doubt that the jury would have found a single aggravating circumstance true beyond a reasonable doubt is insufficient to conclude that the error was harmless. In other words, we disagree with *Flores* that *Sandoval* is controlling in this context. We further agree that the second step of the *Lopez* analysis—considering whether the trial court would have imposed a lesser term in absence of the aggravating circumstances not provable on the record before the reviewing court—is necessary. To find that section 1170, subdivision (b) error is harmless when fewer than all of the circumstances relied upon by the trial court could have been proved to the jury, we must determine whether the trial court would nevertheless have imposed the upper term based on the remaining aggravating circumstances.

Despite our agreement with *Lopez* on the majority of the standard it articulated, we are unconvinced that the beyond a reasonable doubt standard of *Chapman v. California* (1967) 386 U.S. 18—applicable to errors implicating federal constitutional rights—must be applied to *all* aggravating circumstances in the *Lopez* court's first step. *Lopez* does not provide a clear explanation for why the *Chapman* standard for harmless error applies to

---

[4] The *Flores* court did not explain why it concluded that the harmless error test applied in *Sandoval* applies in this context.

all aggravating circumstances. Indeed, the only citation that the *Lopez* court provides for the proposition that *Chapman* applies to every circumstance is citation to section 1170, subdivision (b), itself. While *Sandoval* directs that at least one aggravating circumstance must be proved to the *Chapman* harmless error standard to satisfy the Sixth Amendment (i.e., for it to be *permissible* for the trial court to impose the upper term consistent with the Sixth Amendment), ordinary errors of state law are subject to review pursuant to *Watson*, *supra*, 46 Cal.2d 818.[5] (*People v. Breverman* (1998) 19 Cal.4th 142, 171 [when a state statutory right to a jury determination is violated, such error "is state law error alone, and thus subject, under article VI, section 13 of the California Constitution, to the *Watson* harmless error test"; "the state-created right to jury determination" does not implicate federal due process interests].)

We note that the *Chapman* standard of harmless error is compelled when an element of an offense or a sentencing factor necessary to impose a sentence above the statutory maximum is not presented to the jury. (*Washington v. Recuenco* (2006) 548 U.S. 212, 220 [firearm enhancement sentencing factor harmless error is decided pursuant to *Chapman*]; *People v. French* (2008) 43 Cal.4th 36, 52–53 [applying only *Chapman* where the trial court imposed the upper term based on *one* aggravating circumstance and that circumstance was not proved to the jury].) A fact that is *necessary* to impose a sentence above the statutory maximum must be proved to a jury beyond a reasonable doubt. However, as *Sandoval* has made clear, when multiple aggravating circumstances not proved to the jury are relied upon by a trial court in imposing the upper term, the

---

**5**     The test under *Watson* is whether, " 'after an examination of the entire cause, including the evidence,' [the reviewing court] is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*Watson*, *supra*, 46 Cal.2d at p. 836.) In this context, the question for the reviewing court would be whether there is a reasonable probability that the trial court would not have found the aggravating circumstance(s) true beyond a reasonable doubt.

reviewing court must only conclude beyond a reasonable doubt that *one* of those circumstances would have been found true by the jury beyond a reasonable doubt to avoid offending the Sixth Amendment. (*Sandoval*, *supra*, 41 Cal.4th at p. 839 [so long as a defendant is eligible for the upper term by virtue of facts that have been established consistently with Sixth Amendment principles, the federal Constitution permits the trial court to rely upon any number of aggravating circumstances in exercising its discretion to select the appropriate term by balancing aggravating and mitigating circumstances, regardless of whether the facts underlying those circumstances have been found to be true by a jury].) Accordingly, one aggravating circumstance must be reviewed pursuant to *Chapman*, but the remaining aggravating circumstances involve only a state-created right to a jury trial that must be reviewed pursuant to *Watson*.

In sum, we think the correct standard for harmless error lies between the standards articulated in *Flores* and *Lopez*; *Flores* sets too low a standard for harmlessness and *Lopez* too high. We instead apply a version of the standard articulated in *Lopez*, modified to incorporate *Watson* in the first step: The reviewing court determines (1)(a) beyond a reasonable doubt whether the jury would have found one aggravating circumstance true beyond a reasonable doubt and (1)(b) whether there is a reasonable probability that the jury would have found any remaining aggravating circumstance(s) true beyond a reasonable doubt. If the aggravating circumstances would have been proved to the respective standards, any error was harmless. If not, we move to the second step of *Lopez*, (2) whether there is a reasonable probability that the trial court would have imposed a sentence other than the upper term in light of the aggravating circumstances provable from the record as determined in the prior steps. If the answer is no, the error was harmless. If the answer is yes, we vacate the sentence and remand for resentencing consistent with section 1170, subdivision (b).

Returning to the aggravating circumstances in this case, the trial court found true that defendant had suffered multiple prior convictions and had served multiple prior

prison terms.  Based on the section 969b packet before the court, we would find that the trial court (or a jury) would have found all of the prior convictions identified in the section 969b packet and all of defendant's prior prison terms true beyond a reasonable doubt under any standard of harmless error.  For that reason, if any error occurred, we would conclude that it was harmless.  Accordingly, remand for resentencing pursuant to section 1170, subdivision (b) is unnecessary and we will affirm.

**DISPOSITION**

The judgment is affirmed.